### No. 6693.

THOMAS J. MESHEW, AVENDANO BROS. SUBROGATED, vs. S. F. GOULD. RULE ON SHERIFF'S KEEPER.

An agent, or depositary, in whose hands certain property attached in a suit has been placed for keeping and sale, by the parties claiming adverse rights in the same, can not be compelled by the attaching creditor, on a mere *rule*, to deliver said property, or proceeds of the same, to the sheriff. No action can be had against the depositary in such a case by the attaching creditor until his rights have been fixed by a decree rendered contradictorily with all other parties asserting an interest in the property.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*George L. Bright* for plaintiffs and appellees.

*Cotton & Levy* for sheriff's keeper and appellant.

The opinion of the court was delivered by

MARR, J. The plaintiff, Meshew, issued a writ of attachment against the property of S. F. Gould, and attached a flatboat load of staves. The attachment was made on the twenty-sixth of January, 1875.

On the twenty-eighth of January an agreement was made as follows :

"Thos. J. Meshew, Avendano Bros. Subrogated, vs. S. F. Gould. No. 6293, Fifth District Court.

"Whereas, by virtue of a writ of attachment issued in the above suit, the sheriff has attached a boat load of staves, and Traylor & Knight claim about 18,000.

"And John E. Binns claims the balance of the staves seized by the sheriff, of which 3000 staves he alleges to have bought from Henry Bohannan, and 3000 made by himself (Binns) which he can identify, being on top and unmixed with any of the staves claimed to have been gotten out by Gould.

"Now, neither party admitting the claim of the other, it is agreed, to simplify the matter, *and to save expense,* that the sheriff shall appoint James H. Mehaffy keeper of all the staves, and he is authorized to sell the staves, the net proceeds of which he shall deliver to the sheriff.

"Traylor & Knight and John E. Binns will make their claim before the court.

"Mehaffy will sell each lot separately and render a separate account.

"This agreement to amount to nothing more than to substitute the money for the staves. Mehaffy agreeing to discharge his obligations as well as he can.

"New Orleans, January 28, 1875.

THOMAS J. MESHAW,
    per T. AVENDANO,
JOHN E. BINNS,
STEPHEN TRAYLOR for self and
    KNIGHT,
JAMES H. MEHAFFY."

On the eleventh of April, 1877, plaintiff took a rule on Mehaffy as follows :

"On motion of George L. Bright, attorney for plaintiff, and on showing to the court that J. H. Mehaffy was appointed keeper of the property attached, and took possession thereof:

"It is ordered by the court that said J. H. Mehaffy show cause on Saturday, twenty-first inst., why he should not deliver to the sheriff the property attached and intrusted to him for keeping."

If Mehaffy had paid no attention to this rule, and the court had passed upon it *ex parte*, it should have been dismissed. On its face there is no suggestion of fact which discloses any right or cause of action in the plaintiff to demand the specific thing which he asks the court to do. The rule shows that the property attached was intrusted to Mehaffy for keeping ; and it states no reason for taking it out of his keeping, no right in plaintiff to provoke such an order.

The exhibition of the agreement of the twenty-eighth of January, 1875, makes the case more conclusive against the plaintiff. This agreement shows that Traylor & Knight claimed a part of the property attached ; and that Binns claimed the remainder. These several claimants selected Mehaffy as depositary of the property, and charged him to sell it and deliver the proceeds to the sheriff. By its terms the agreement was for the benefit of all, not for the interest or convenience of the attaching creditor alone, whose right was not admitted, but was denied and contested. Plaintiff could not have maintained an action, in any form, to take this property out of the keeping of Mehaffy, without a rescission of the agreement; and the agreement could not have been rescinded without the consent of all the parties in interest, or by judicial proceeding contradictorily with all of them.

The rule simply fails to disclose any right of action. The agreement goes one step further and shows that plaintiff had no such right.

No such right could have existed in him, or in any other one of the parties to the agreement.

Mehaffy, however, appeared, and he excepted to the rule, on the grounds :

1. "The sheriff should be made a party to the rule, as a part of the proceeds of sale have been paid over to him, and the balance thereof retained for expenses incurred and paid out by this relator."

2. "The parties in interest appointed exceptor their agent to sell the property attached, and this is not the remedy to compel him to render an account."

"And should these exceptions be overruled, then your relator answers that he has sold all the property turned over to him as per the written agreement," etc., and he goes on to show what disposition he made of the proceeds.

For the purposes of this decision we need not inquire whether Mehaffy, under the agreement, is to be treated as the sheriff's keeper, or whether he is to be considered merely as the depositary of property in litigation, selected by the several claimants, and occupying the relation of agent towards them : because, under the first hypothesis, for any neglect or misconduct of the sheriff's keeper, with respect to the property, the parties in interest would look to and pursue the sheriff, not his keeper ; and under the second hypothesis, it is manifest that a rule can not be maintained against an agent or mandatary to compel him to render an account of his agency.

The proceeding by rule is not the proper mode of instituting suits. If the parties choose to make up and try the issues on a rule they may certainly do so ; but if exception be taken, the proceeding must be dismissed ; and the complaining party remitted to his action, in the ordinary and appropriate form, by petition and citation.

The object of the rule is not to compel Mehaffy to perform any stipulation of the agreement. It is, specifically, to compel him to deliver to the sheriff, in kind, the property which he was charged, not merely to keep, but, also, to sell. If the property still remained in the hands of Mehaffy the plaintiff could not thus interfere with the rights of the other parties, and make their agreement nugatory by preventing the sale by the chosen agent of them all. If the property had already been sold it would no longer have been possible for Mehaffy to deliver it to the sheriff : and the court had no power or authority, under the rule, to compel Mehaffy to account for and deliver the proceeds to the sheriff, because no such thing was demanded in the rule.

But suppose the proceeding were regular : what are the rights of the plaintiff? The record does not inform us what disposition has been made of the attachment suit, nor of the claims of Traylor &

Knight and Binns to the property attached.   The plaintiff will have no right to touch the property attached, or any part of the proceeds, unless and until there shall first be rendered a judgment in his favor, against Gould, with lien and privilege on the property attached ; and against Traylor & Knight and Binns disallowing their claims to that property, in whole or in part.

The property in question had been shipped and consigned to Mehaffy by Binns.   The account filed by Mehaffy shows that he had sold all of it and had paid to the sheriff all the proceeds that remained in his hands, after deducting certain advances and charges which might well be allowed as between him and his consigner and Traylor & Knight. It is eminently improper, therefore, that any proceedings should be had, or judgment rendered, against Mehaffy at the instance of the attaching creditor alone, until his rights and those of Binns and Traylor & Knight, with respect to the property attached, be determined.   No judgment rendered in such a proceeding would conclude the other parties in interest ; and if Mehaffy's liability should be fixed, in this proceeding, and he be ordered to pay over a certain sum to the sheriff, in the event that Binns and Traylor & Knight should make good their claims, in whole or in part, Mehaffy would be subject to like proceeding at their instance, to compel him to account to them, and pay over to the sheriff another and additional sum.

We think the district judge erred in maintaining the rule, and in rendering judgment against Mehaffy ; and that the exception of Mehaffy should have been maintained and the rule dismissed.

This decision is not intended to have the effect of a final determination of the rights of the attaching creditor, or of the claimants of the property attached.   Their rights, whatever they may have been, at the time of the taking of this rule, either under the agreement of the eighteenth of January, 1875, or otherwise, against Mehaffy, or against the sheriff, are reserved, and remain wholly unimpaired by the decision now rendered.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be reversed, avoided, and annulled, and that the rule herein taken be dismissed with costs in both courts.